DANIEL C. McGLYNN, Appellant, v. THE CENTRAL R. R. CO., Respondent.

No. 1721; March 1, 1869.

**Railroad.**—A Contract for Railroad Construction is not to be interpreted in such a way as to make the contractor receive for the most difficult and expensive part of the work less pay than for the less expensive part.

APPEAL from Fifteenth Judicial District, San Francisco County.

Doyle & Barber for appellant; A. J. Gunnison for respondent.

CROCKETT, J.—The principal question arising on this appeal involves the construction of several clauses of a written contract, entered into between the plaintiff and defendant, whereby the plaintiff undertook to construct for the defendant a railroad track in San Francisco, with the necessary curves, turnouts and crossings. The contract establishes a scale of prices at which the work is to be paid for; the amount varying according to the different materials of which the roadbed is to be composed; as, for example, if it be a single track and newly paved, the price is to be two dollars and seventy cents per lineal foot; if repaved, seventy cents per lineal foot; if new plank be used, one dollar and forty cents per lineal foot; if old plank, seventy cents per lineal foot; if macadamized, seventy-five cents per lineal foot; and with the rates correspondingly increased for a double track. The contract then contains the following clause:

"Curves of short radius, per lineal foot, $1.75; curves of long radius per lineal foot, $2.00; turnouts, crossings, etc., per lineal foot, $2.00."

In the specifications annexed to the contract and made a part of it, there occurs, under the head of "Measurement," the following clause:

"In the measurement for payments, the length of the road shall be measured on the center line of each track; and turnouts, crossings, etc., shall be measured from point to point of switch."

The plaintiff's constructions of these provisions is, that the curves, turnouts and crossings are to be paid f'r at the stipulated rates, to wit, one dollar and seventy-five ι ts per-lineal foot for curves of short radius; two dollars pε lineal foot for curves of long radius, and at the same rι for turnouts and crossings, in addition to the stipulated ι ι̇ce for the ordinary track. In other words, he claims that he is entitled to be paid for the entire length of the track, at the rates stipulated therefor; and in addition thereto, for the curves, turnouts and crossings, at the prices specified in the contract. His proposition is, that the curves turn-outs and crossings were simply to be an extra charge, to cover the additional cost of making them, in excess of the cost of the ordinary, straight track. The defendant, how-ever, resists this construction of the contract, and maintains that so much of the track as is included in the curves, turn-outs and crossings should not be included in the estimate as so much track and be paid for as such, but shall be paid for only as curves, turnouts and crossings, at the rates pro-vided therefor in the contract.

The question is not free from embarrassment; but our con-clusion is, that the construction put upon the contract by the plaintiff is the proper one. It needs no proof to make it plain that curves, turnouts and crossings in a railroad track enhance the cost of it considerably beyond the cost of a straight track. It is a self-evident proposition, that to make a curved track of wood and iron is more difficult and ex-pensive than to make a straight track; and this contract con-tains an express provision to the effect that the "rails for long curves, crossings, turnouts, etc., are to be curved before being laid by the contractor, according to the directions of the engineer of the company, and all straightening of iron that may be deemed necessary by the engineer is to be done by the contractor."

But if the construction of the defendant were to prevail, the plaintiff might receive considerably less for curves, turn-outs, and crossings than for straight tracks; the highest rate for the former being two dollars per lineal foot, whilst the latter ranges from seventy cents per lineal foot for a single track, paved with old plank or repaved with cobbles, to four

dollars and seventy-five cents per lineal foot for a double track, newly paved. It can scarcely be a reasonable and just construction of the contract which would or might award to the contractor less pay for the most expensive and difficult part of the work than he is to receive for the less expensive portions. The defendant had the right, under the contract, through its engineer, to direct how many curves, crossings, turnouts and sidetracks there should be, and also to direct with what material the different portions of the roadbed should be paved. If he had required a great number of curves, turnouts and crossings, and had directed them to be paved with the most expensive material specified in the contract, as he had a right to do, it is evident the contractor, on the theory of the defendant's counsel, would have been entitled to demand, for a large portion of the work which was the most expensive, less than he was to be paid for other portions, which were less expensive. We are satisfied, on the face of the contract, that the parties to it contemplated nothing of the kind. On the contrary, the specification in respect to measurement distinctly rebuts the defendant's theory. It provides that "in the measurement for payments, the length of road shall be measured on the center line of each track; and turnouts, crossings, etc., shall be measured from point to point of switch."

Why measure on the center line, instead of the side of the track, unless it be to ascertain the number of lineal feet in the curves? On the straight track, the side line and center line would precisely correspond; but on the curves, the center line would give the precise average of the two side lines; and hence that mode was adopted, in order to ascertain how many lineal feet there were in the entire road, including the curves, and thereby raising a strong presumption that it was all to be paid for as track, exclusive of the extra cost of curves, turnouts and crossings.

In the view we take of the case, it is not necessary for us to decide the other questions which arose at the trial; and inasmuch as the special verdict of the jury affords all the requisite data for a proper judgment, the judgment of the district court is reversed, and the cause remanded, and the district court is ordered to enter a judgment for the plaintiff, in pursuance of the special verdict of the jury.

We concur: Sawyer, C. J.; Rhodes, J.; Sprague, J.